EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Ltd., Plaintiff,

v.

Jack W. KOEHLER, Mary K. Koehler, Defendants.

Mary K. KOEHLER, Counterclaimant,

v.

EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Limited, Western and Southern Life Insurance Company, Cross-Defendants.

Civ. No. 1732.

United States District Court
N. D. Indiana, South Bend Division.

Jan. 18, 1956.

Jones, Obenchain & Butler, South Bend, Ind., for plaintiff and cross-defendants.

Hammerschmidt & Johnson, South Bend, Ind., for defendant Koehler and counterclaimant Koehler.

Crumpacker, May, Beamer, Levy & Searer, South Bend, Ind., for cross-defendant Western & Southern Life Ins. Co.

PARKINSON, District Judge.

This is an action on a promissory note executed in Indiana wherein the defendant, Mary K. Koehler, has filed an amended counterclaim seeking damages from the plaintiff and Western & Southern Life Insurance Company for mental anguish and humiliation allegedly resulting from false accusations of embezzlement and threats of false imprisonment and deprivation of liberty.

To the amended counterclaim Western & Southern Life Insurance Company has filed a motion to dismiss and Employers' Liability Assurance Corporation, Ltd., has filed a first defense, being a motion to dismiss, for failure to state a claim upon which relief can be granted, and it is the question so raised which now solicits the decision of this court.

We believe it to be the law in Indiana, and we so hold, that if an innocent person, upon being threatened with criminal prosecution or false imprisonment, entertains well-grounded fears that such threats will be carried into execution, and, being reasonably influenced thereby, executes a promissory note by reason thereof, the law will protect him.

The core question here, where no invasion of the right of privacy is pleaded, is the extent of that protection and we hold that a note so procured is invalid in the hands of the payee but the maker has no right of action in damages for mental anguish and humiliation.

If there be a trend to broadening the base of recovery in actions for invasion of rights, as might appear from some of the more recent decisions, and recovery is permitted for mental anguish, nervous shock or humiliation where there is no other kind or form of injury, that trend must be halted, otherwise the courts will be confronted with fictitious claims being fabricated and will find themselves operating in a realm of legal fanaticism where the damages are so imaginatively speculative that the inevitable result will be a complete legal gallimaufry.

In the opinion of this court, the amended counterclaim does not state a claim upon which relief can be granted, and must be dismissed.